[Crim. No. 1703. First Appellate District, Division One.—July 28, 1933.]

THE PEOPLE, Respondent, v. ANTHONY QUINTAL, Appellant.

Raine Ewell for Appellant.

U. S. Webb, Attorney-General, and Siebert L. Sefton for Respondent.

KNIGHT, J.—After having initiated and caused to be perfected the within appeal from a judgment of conviction of second degree burglary and from an order denying a motion for a new trial, counsel for appellant, to all intents and purposes, abandoned the same, oral argument having been waived and no brief having been filed.

An examination of the record shows that the place burglarized was a so-called sandwich shop located at 199 Fremont Street in San Francisco. The glass in the front door had been smashed so as to allow the bolt on the inside to be thrown. According to the testimony given by the police officers who detected the burglary and arrested appellant, two men were seen emerging from the place about midnight, each carrying a sack partly filled with something. When called upon to stop they started to run. A pistol shot was fired at one, and he fell to the street. A shot was then fired at the other, and he dropped the sack, but continued his flight, turning the corner and disappearing from the view of the pursuing officer. The officer then blew his whistle, and appellant was captured by another officer a few blocks from and taken back to the sandwich shop. In the meantime the other man, who had fallen in the street, had disappeared, abandoning the two sacks, which were found to contain cigars, cigarettes, etc., belonging to the sandwich shop. The officers further testified that as soon as appellant was brought back to the sandwich shop he was searched in the presence of several officers and certain documents stolen from the cash register were found on his person, and that in explanation of his connection with the burglary he stated to them that he had been hired by a man to help move the goods out of the sandwich shop and that not knowing the place had been burglariously entered he accepted the employment. At the trial, taking the witness-stand in his own behalf, appellant denied ever having been in or near the sandwich shop, or of ever having made the statement attributed to him. He also denied that any stolen docu-

ments were found in his possession. He claimed that he had been visiting a barroom on Third Street and was on his way to his room when arrested; and that after being taken back to the sandwich shop he saw the officers themselves remove the documents which they claimed to have found in his possession from the drawer of the cash register.

In view of the foregoing conflict in the testimony it was the exclusive province of the jury to determine the truth of the matter, and obviously the evidence adduced by the prosecution is legally sufficient to sustain its decision. Moreover, the record shows that appellant was given a fair trial and that the jury was properly instructed.

On motion for new trial appellant produced a prisoner from the county jail under sentence to the penitentiary for first degree robbery, after having pleaded guilty thereto, and against whom other charges of robbery were pending, who claimed that he and a friend, not the appellant, committed the burglary. But on cross-examination circumstances were developed which fully warranted the trial court in disbelieving his testimony.

The judgment and order appealed from are therefore affirmed.

Cashin, J., and Tyler, P. J., concurred.